IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

FILED CLERK
U.S. DISTRICT COURT

05 NOV -2  PM 1: 05

TEXAS-EASTERN

BY_____

| | | |
|---|---|---|
| LAWRENCE BELL# 598054 | § | |
| VS. | § | CIVIL ACTION NO. 3:03-CV-36 |
| DIRECTOR, TDCJ-ID | § | |

## *MEMORANDUM OPINION AND ORDER*

Came on for consideration the Petitioner's Notice of Appeal and Motion for Certificate of Appealability from the dismissal of writ of habeas corpus pursuant to 28 U.S.C. § 2254.

A certificate of appealability may issue only with respect to the specific issue or issues for which a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c). *See Muniz v. Johnson*, 114 F.3d 43, 45 (5th Cir. 1997); *United States v. Gobert*, 139 F.3d 436 (5th Cir. 1998). To make such a showing, the petitioner need not show that he would prevail on the merits but, rather, must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. *See, e.g., Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *Washington v. Johnson*, 90 F.3d 945, 949 (5th Cir. 1996).

## PROCEDURAL HISTORY

The Petitioner is confined in the Texas prison system pursuant to a judgment and sentence from the 8th District Court of Hopkins County, Texas. The Petitioner was charged with bail jumping and failure to appear, with prior convictions alleged for enhancement as a repeat or habitual offender. He entered a plea of not guilty and was tried and convicted by a jury and sentenced to seventy years imprisonment.

The Petitioner thereafter filed an appeal in which his conviction was affirmed and his petition for discretionary review was refused. His state application for writ of habeas corpus was denied

without written order.

The present petition for a writ of habeas corpus was filed on August 7, 2003. The Petitioner

challenged his conviction on the following grounds:

1.    Trial Counsel was ineffective;

2.    Appellate Counsel was ineffective;

3.    Denied due process by the trial court/insufficient evidence.

The Director filed an answer on December 29, 2003.  The Petitioner filed an amendment on

June 17, 2004 and the Director filed an answer to the amendment on June 20, 2005.

## FACTS OF THE CASE

On March 23, 1999, Petitioner was arrested in Hopkins County, Texas and charged with

possession of marihuana. He was released on bail. His bond did not state the date, time or place he

was to appear. On August 5, 1999, Petitioner appeared before the Eighth Judicial District Court and

signed an "Appearance and Announcement Form." The form stated that the case was reset to

September 20, 1999, at 8:30 a.m. Petitioner failed to appear.

Petitioner alleges that he had appeared several times prior to August 5, 1999, but the state was

successful in having any evidence or showing of this fact excluded from the trial. Petitioner alleges,

and his witnesses supported the fact, that on September 20, 1999, he had attempted to return to

Hopkins County but was prevented by a series of automobile difficulties. Petitioner alleges that he

attempted to contact his trial counsel and bondsman and was under the impression that his case would

be reset but no evidence was produced, either at trial or in the form of affidavits on appeal or within

his state or federal habeas petitions, which would support this allegation.

## DISCUSSION AND ANALYSIS

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody

is exceedingly narrow. A person seeking federal habeas corpus review must assert a violation of a

federal constitutional right. *Lowery v. Collins*, 988 F.2d 1354, 1367 (5th Cir. 1993). Federal habeas

corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless

a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996), *cert. denied*, 520 U.S. 1242 (1997). In the course of reviewing state proceedings, a federal court does not sit as a super state appellate court. *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).

The prospect of federal courts granting habeas corpus relief to state prisoners has been further limited by the Antiterrorism and Effective Death Penalty Act of 1996. The new provision of Section 2254(d) provides that an application for a writ of habeas corpus "shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See Childress v. Johnson*, 103 F.3d 1221, 1224-1225 (5th Cir. 1997).

The trial court's factual findings are entitled to a presumption of correctness unless the Petitioner can rebut the presumption with clear and convincing evidence to the contrary. To prevail on his legal claims, the Petitioner must show that the state court's determination of his constitutional claims was "contrary to" or "involved an unreasonable application of" Supreme Court precedent. *Id.* The standard is satisfied only if "reasonable jurists considering the question would be of one view that the state court ruling was incorrect." *Davis v. Johnson*, 158 F.3d 806, 812 (5th Cir. 1998) (internal quotation marks and citations omitted).

As will be shown, the Petitioner is not entitled to relief because he has not shown, as required by 28 U.S.C. § 2254(d), that the State court findings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. The Petitioner has further failed to show that the State court findings resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

## I.   COUNSEL FOR PETITIONER WAS NOT INEFFECTIVE

Eighteen of Petitioner's claims are based on the allegation that his trial attorney was ineffective. In order to succeed on a claim of ineffective assistance of counsel, a habeas corpus petitioner must first show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.* at 690. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981). *See also Rubio v. Estelle*, 689 F.2d 533, 535 (5th Cir. 1982); *Murray v. Maggio*, 736 F.2d 279 (5th Cir. 1984). Second, the habeas petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. He must "affirmatively prove," not just allege, prejudice. *Id.* at 693. If he fails to prove the prejudice component, the court need not address the question of counsel's performance. *Id.* at 697. It is further noted that the Supreme Court recently announced that the framework employed in *Strickland* should likewise be employed with respect to ineffective assistance of counsel on appeal claims. *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S.Ct. 1029 (2000). Further, strategic decisions by counsel are virtually unchallengeable and generally do not provide a basis for habeas corpus relief on the grounds of ineffective assistance of counsel. *See Strickland*, 460 U.S. at 689; *Jones v. Estelle*, 622 F.2d 124 (5th Cir.), *cert. denied*, 449 U.S. 996; *McCotter v. Lyons*, 770 F.2d 529, 533 (5th Cir. 1985).

### 1.   Failure to File a Motion to Dismiss for Failure of the State to Produce a Complaint or to Inform Petitioner of His Right to an Examining Trial

Petitioner claims that his trial counsel was ineffective for failing to file a motion to dismiss for failure of the state to produce a complaint or to inform him of his right to an examining trial. The right

to an examining trial is terminated upon return of an indictment. *State el rel. Holmes v. Salinas*, 784 S.W.2d 421, 426 (Tex.Crim.App. 1990); *Wilhelm v. State*, 426 S.W.2d 850 (Tex.Crim.App. 1968); *White v. State*, 576 S.W.2d 843 (Tex.Crim.App. 1979).

Petitioner has failed to "affirmatively prove" prejudice or to show any evidence that but for counsel's alleged deficiency in this regard, the result of the proceeding would have been different. Nothing alleged in this regard would undermine confidence in the outcome.

Further, the Petitioner has only offered conclusory allegations in support of this ground for relief. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982); *Vail v. Procunier, supra.* Therefore, this claim lacks merit and must fail.

### 2. *Failure of Counsel to Allow Witnesses to Testify*

During trial, trial counsel stated that Anthony Randel and/or Vicki Jenkins would appear. Mr. Randel was Petitioner's bondsman and Ms. Jenkins was Mr. Randel's secretary. Petitioner alleges that on the morning he did not appear, he called their office and told them he was running late because of car trouble and couldn't get in touch with his attorney. He further alleged that he was told by Ms. Jenkins that Mr. Randel "would get back with him and advise him what to do" about his inability to appear. The witnesses were alleged to be on the way on the morning of Petitioner's trial for bail jumping and failure to appear. The court recessed to allow time for them to arrive and then continued. Counsel did not have them under subpoena.

Counsel has a duty to conduct a reasonable amount of pretrial investigation. *See Nealy v. Cabana*, 764 F.2d 1173, 1177 (5th Cir. 1985); *Lockhart v. McCotter*, 782 F.2d 1275 (5th Cir. 1986). *See also Ex parte Duffy*, 607 S.W.2d 507 (Tex. Crim. App. 1980). This duty includes seeking out and interviewing potential witnesses. *Lockhart*, 782 F.2d at 1282; *Williams v. Beto*, 354 F.2d 698 (5th Cir. 1965).

To succeed on the claim, the Petitioner must show that had counsel investigated the claim, he would have found witnesses to support the defense, that such witnesses were available, and had

counsel located and called these witnesses, their testimony would have been favorable and they would have been willing to testify on his behalf. *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985); *Gomez v. McKaskle*, 734 F.2d 1107, 1109-10 (5th Cir.), *cert. den.*, 469 U.S. 1041 (1984). Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982).

The proposed witnesses were not subpoenaed. It is not clear from the record if the witnesses appeared or were unavailable for testimony. Further, Petitioner has not provided the Court with any proof regarding the content of the witnesses' testimony, such as trial testimony or affidavits. Allegations of what a witness would have testified to are speculative. Hypothetical or theoretical testimony will not justify the issuance of a writ. *Boyd v. Estelle*, 661, F.2d at 390 (quoting *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978)); *Martin v McCotter*, 796 F.2d 813, 819 (5th Cir. 1986) (quoting *Larsen v. Maggio*, 736 F.2d 215, 218 (5th Cir. 1984)).

Petitioner has made no showing of the availability and favorability of the witnesses' testimony. The Petitioner has not satisfied his burden of proving that had his trial counsel subpoenaed the witnesses, they would have been available and able to testify favorably for the Petitioner. He failed to prove the content of the proposed testimony. Further, the Petitioner has failed to show how he was prejudiced by his counsel's alleged failure.

The habeas petitioner is required to show that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. Since the Petitioner has failed to do so, the Petitioner's ground for relief must fail.

### 3. *Failure to Object to Jury Charge*

Petitioner alleges that his counsel should have objected to the jury charge. However, he fails to identify which section or wording of the charge is faulty.

The Petitioner has only offered conclusory allegations in support of this ground for relief. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982); *Vail*

*v. Procunier, supra.* Therefore, this claim lacks merit and must fail.

### 4. *Failure to object to the denial of his mistrial motion*

Petitioner alleges that his trial counsel failed to object to the denial of a mistrial motion brought after the trial court mentioned the underlying drug charge for which Petitioner failed to appear. The comment was ordered stricken from the record but the mistrial was denied. Trial counsel preserved the error for appeal by requesting a mistrial. The denial of that motion is not an event to which an objection would be appropriate.

The habeas petitioner is required to show that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. Since the Petitioner has failed to do so, the Petitioner's ground for relief must fail.

### 5. *Counsel's Failure to Object to Improper Amending of Indictment and the Court's Reading of the Indictment*

Petitioner alleges that the original indictment in his case placed him on notice that, if convicted, punishment would be assessed from two to ten years imprisonment. Two months before the trial began, the assistant district attorney filed a motion to amend the indictment and the trial court granted that motion. However, Petitioner alleges that the Indictment was never actually amended to add language about enhancement and, thus, his request for notice of intent to use extraneous offenses to enhance his punishment should have prevented the use of the amended indictment and the enhancement paragraphs contained therein during the trial.

Within the motion and order, the language to be added was given verbatim. The motion and order were entered before Ron Fergason was appointed as trial counsel and were, presumptively, provided to him upon appointment. Notice was given via the motion and order that extraneous offenses would be presented as evidence in the trial. The indictment was not improperly amended and trial counsel's failure to object thereto was not a violation of due process nor an instance of ineffective assistance.

The sufficiency of a state indictment is appropriate for federal habeas corpus relief only when

it can be shown that the indictment is so defective that it deprives the convicting court of jurisdiction. *Williams v. Collins*, 16 F.3d 626, 637 (5th Cir. 1994); *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir.), *cert. denied*, 513 U.S. 854 (1994). State law dictates whether a state indictment is sufficient to confer a court with jurisdiction. *Id.* The Fifth Circuit in *McKay* held that the district court is "required to accord due deference to the state's interpretation of its own law that a defect of substance in an indictment does not deprive a state trial court of jurisdiction." *McKay*, 12 F.3d at 69 (citations omitted). A 1985 amendment to the Texas Constitution provides that "presentment of an indictment or information to a court invests the court with jurisdiction of the cause." TEX. CONST. ART. V, § 12(b); *see McKay*, 12 F.3d at 69. Further, the Texas courts have concluded that the failure to include an essential element of the crime charged does not deprive the trial court of jurisdiction. *Id., citing Studer v. State*, 799 S.W.2d 263 (Tex. Crim. App. 1990).

Petitioner raised this issue in his state court writ which was denied without written order. When the Texas Court of Criminal Appeals denies a state writ without written order which raised the issue of the sufficiency of the state indictment, the court has implicitly determined that the indictment conferred jurisdiction on the trial court and is sufficient under state law. *Alexander v. McCotter*, 775 F.2d 595, 599 (5th Cir. 1985). Since the indictment was sufficient to confer jurisdiction on the trial court, it is not necessary for this Court to inquire any further. Furthermore, since the indictment conferred jurisdiction, trial counsel did not render ineffective assistance by failing to object to the indictment or its reading before the jury. The Petitioner's claim is not cognizable on federal habeas review and should be denied.

### 6. Failure to Acquaint Himself with the Law and Facts in the Case Regarding Disproving that Petitioner Failed to Appear Intentionally or Knowingly

Petitioner complains that his trial counsel did not acquaint himself with the case and that "if he did, he would have sought to disprove that [Petitioner] knowingly and intentionally failed to appear." Petitioner has not alleged with specificity what information would have been revealed by an investigation and how the outcome of the trial would have been altered. *Gray v. Lucas*, 677 F.2d 1086,

1093 (5th Cir. 1982); *United States v. Lewis*, 786 F.2d 1278, 1283 (5th Cir. 1986); *United States v. Green*, 882 F.2d 999, 1001 (5th Cir. 1989). Nothing in the record supports the conclusory allegation of the Petitioner. Therefore, the Petitioner's ground for relief lacks merit and must fail.

### 7. *Failure to Object to the District Attorney Striking Three Black Venire-persons*

In his ground for relief 1.11, the Petitioner argues that his trial counsel was ineffective due to the lack of objection when the state used its peremptory challenges in a racially discriminatory manner. The record does not show Petitioner objected to the State's use of its peremptory challenges. The Petitioner did not request a *Batson* hearing to object to any of the State's peremptory challenges. *See Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). However, there is nothing in the record to support the Petitioner's allegation that a particular juror was improperly struck. From the record, it is not possible to draw a reasonable inference of purposeful discrimination as required by *Batson*. Petitioner has provided no proof of his allegation. The Petitioner's claim is a conclusory allegation not supported by the record. Conclusory allegations and bald assertions are insufficient to support a petition for a writ of habeas corpus. *See Ross*, 694 F.2d at 1011; *Joseph*, 838 F.2d at 788. Therefore, the Petitioner's ground for relief must fail.

### 8. *Failure to Object to the Introduction by the State of Extraneous Offenses During the Guilt/Innocence Stage of the Trial*

Petitioner alleges that his trial counsel failed to object to the introduction of extraneous offenses during the guilt/innocence stage of his trial, including the introduction of bond papers showing the underlying offense of possession of marihuana. However, it appears from the record that trial counsel filed a Motion to Prevent State from Reading or Alluding to Non-Jurisdictional Enhancement Count at or Before Guilt/Innocence Phase. Tr. at 27-28. He also objected numerous times. 2 S.F. 9-14, 25-26. His claim lacks merit and his ground for relief must fail.

### 9. *Failure to Allow Petitioner to Elect Who Would Assess Punishment*

Petitioner alleges that trial counsel did not consult him before electing to have punishment

assessed by the jury.  Thus, Petitioner claims that he–Petitioner–did not elect who would assess punishment.  Trial counsel filed a written assessment and, after the jury was empaneled but before opening statements, stated in open court in the presence of Petitioner that he had so elected.  Nothing in the record indicates that Petitioner questioned that election at any time before the finding of guilt was reached by the jury.  After the finding of guilt, Petitioner asked trial counsel to withdraw the election but the state objected and the objection was sustained. S.F.2 at 90.  The attorney for the state must consent to any change in election after a finding of guilt is returned.  TEX. CODE CRIM. PRO. ANN. art. 37.07(b) (Vernon 1999).

Petitioner has provided no evidence showing that trial counsel failed to consult with or advise him regarding the election of punishment by the jury.  The Petitioner's claim is a conclusory allegation not supported by the record.  Conclusory allegations and bald assertions are insufficient to support a petition for a writ of habeas corpus. *See Ross*, 694 F.2d at 1011; *Joseph*, 838 F.2d at 788. Therefore, the Petitioner's ground for relief must fail.

### 10.  Failure to Present  Instruction on the Reasonable Excuse Defense

Petitioner alleges that trial counsel failed to seek inclusion in the charge to the jury an instruction regarding the reasonable excuse defense to the charge of failure to appear.  However, it is plain from the record that the instruction is included in the charge.  Therefore, Petitioner fails to state a claim which is cognizable under federal habeas corpus laws.  This ground for relief must fail.

### 11.  Failure to Present Evidence That Petitioner Had Appeared at All His Previous Court Appearances

Petitioner alleges that trial counsel failed to present evidence of Petitioner's past compliance with orders to appear and his appearance at many previous trial settings.  However, it is clear from the record that trial counsel attempted to bring out this information through testimony and cross examination.  The court sustained objections to the attempted introduction; but this does not negate the fact that trial counsel did try to present the evidence.  Plaintiff's claim is conclusory.  Conclusory allegations and bald assertions are insufficient to support a petition for a writ of habeas corpus. *See*

*Ross*, 694 F.2d at 1011; *Joseph*, 838 F.2d at 788. Therefore, the Petitioner's ground for relief must fail.

### 12. Failure to Call Former Counsel

The Petitioner argues that his trial counsel was ineffective for failing to call a witness that would support his defense of "reasonable excuse". He alleges that Counsel failed to call his previous counsel to testify regarding the numerous times he had previously appeared and had his case reset and his attempts to call his previous counsel on the morning of his trial regarding his car trouble and his attempts to make his trial date.

Counsel has a duty to conduct a reasonable amount of pretrial investigation. *See Nealy v. Cabana*, 764 F.2d 1173, 1177 (5th Cir. 1985); *Lockhart v. McCotter*, 782 F.2d 1275 (5th Cir. 1986). *See also Ex parte Duffy*, 607 S.W.2d 507 (Tex. Crim. App. 1980). This duty includes seeking out and interviewing potential witnesses. *Lockhart*, 782 F.2d at 1282; *Williams v. Beto*, 354 F.2d 698 (5th Cir. 1965).

To succeed on the claim, the Petitioner must show that had counsel investigated the claim, he would have found witnesses to support the defense, that such witnesses were available, and had counsel located and called these witnesses, their testimony would have been favorable and they would have been willing to testify on his behalf. *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985); *Gomez v. McKaskle*, 734 F.2d 1107, 1109-10 (5th Cir.), *cert. den.*, 469 U.S. 1041 (1984). Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982).

Former counsel was not subpoenaed. It is not clear from the record if the witness appeared or was unavailable for testimony. Further, Petitioner has not provided the Court with any proof regarding the content of the witness' testimony such as trial testimony or affidavits. Allegations of what a witness would have testified to are speculative. Hypothetical or theoretical testimony will not justify the issuance of a writ. *Boyd v. Estelle*, 661, F.2d at 390 (quoting *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978)); *Martin v McCotter*, 796 F.2d 813, 819 (5th Cir. 1986) (quoting *Larsen v.*

-11-

*Maggio*, 736 F.2d 215, 218 (5ᵗʰ Cir. 1984)).

Petitioner has made no showing of the availability and favorability of the witness's testimony. The Petitioner has not satisfied his burden of proving that had his trial counsel subpoenaed the witness, he would have been available and able to testify favorably for the Petitioner. He failed to prove the content of the proposed testimony. Further, the Petitioner has failed to show how he was prejudiced by his counsel's alleged failure.

The habeas petitioner is required to show that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. Since the Petitioner has failed to do so, the Petitioner's ground for relief must fail.

### 13.  *Failure to Adequately Support His Motion for Continuance*

During trial, trial counsel stated that Anthony Randel and/or Vicki Jenkins would appear. Mr. Randel was Petitioner's bondsman and Ms. Jenkins was Mr. Randel's secretary. Petitioner alleges that on the morning he did not appear, he called their office and told them he was running late because of car trouble and couldn't get in touch with his attorney. He further alleged that he was told by Ms. Jenkins that Mr. Randel "would get back with him and advise him what to do" about his inability to appear. The witnesses were alleged to be on the way on the morning of Petitioner's trial for bail jumping and failure to appear. The court recessed to allow time for them to arrive and then continued. Counsel did not have them under subpoena.

Counsel sought a continuance but, in Petitioner's opinion, did not provide the court with a thorough rendition for the  necessity of the witnesses at the trial to support the defensive theory. Counsel's request for a continuance was denied. Petitioner alleges that the witnesses did appear during the punishment phase but there is no evidence in the record to support this allegation. It is not clear from the record if the witnesses appeared or were unavailable for testimony. Further, Petitioner has not provided the Court with any proof regarding the content of the witnesses' testimony, such as trial testimony or affidavits. Allegations of what a witness would have testified to are speculative. Hypothetical or theoretical testimony will not justify the issuance of a writ. *Boyd v. Estelle*, 661, F.2d

at 390 (quoting *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978)); *Martin v McCotter*, 796 F.2d 813, 819 (5th Cir. 1986) (quoting *Larsen v. Maggio*, 736 F.2d 215, 218 (5th Cir. 1984)).

The habeas petitioner is required to show that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different.   Since the Petitioner has failed to do so, the Petitioner's ground for relief must fail.

### 14.    *Failure to Insure That Waiver of Right to Testify Was Knowing, Voluntary and Intelligent*

Petitioner alleges that he would not have waived his right to testify if he had known the trial court would not wait for his defense witnesses to appear and testify and/or grant a continuance for that purpose.   He waived the right to testify before the court denied the request for continuance.   He believed that witnesses would testify regarding his reasons for failing to appear and his previous appearances and his attempts to appear and/or contact the court regarding his non-appearance.   He sought a continuance to allow time for them to appear but did not seek to withdraw his waiver of his right to testify.   Nor did he attempt to testify during his punishment phase to seek the mercy of the jury in regard to his sentence.   It is not clear from the record and Petitioner has not proven that the outcome of his trial and punishment would have been different if his trial counsel had made further attempts to insure that his waiver was knowing and voluntary.   Conclusory statements will not support habeas relief.   Petitioner's claim must fail.

### 15.    *Failure to Object to Improper Amending of Indictment*

Petitioner alleges that the original indictment in his case placed him on notice that if convicted, punishment would be assessed from two to ten years imprisonment.   Two months before the trial began, the assistant district attorney filed a motion to amend the indictment and the trial court granted that motion.   However, Petitioner alleges that the Indictment was never actually amended to add language about enhancement.   Within the Motion and Order, the language to be added was given verbatim.   The motion and order were entered before Ron Fergason was appointed as trial counsel and were, presumptively, provided to him upon appointment.   Notice was given via the motion and order

that extraneous offenses would be presented as evidence in the trial. The indictment was not improperly amended and Trial Counsel's failure to object thereto is not shown to be a failure of such magnitude that but for counsel's unprofessional errors, the result of the proceeding would have been different.

## II. APPELLATE COUNSEL WAS NOT INEFFECTIVE

Petitioner alleges that his counsel on appeal was ineffective. He claims that appellate counsel failed to raise the issue of legal sufficiency of the evidence. Petitioner's appellate brief states, "[t]he state failed to prove that appellant's failure to appear in accordance with the terms of his release were intentional or knowing." The Sixth Court of Appeals stated, "The standard of review for challenges to the legal sufficiency of the evidence in criminal cases is that set forth in Jackson. . .a rational trier of fact could have found that [Petitioner] intentionally or knowingly failed to appear. . .the evidence is legally sufficient to support the verdict." State court determinations are entitled to a presumption of correctness. Under AEPDA, for a "claim that was adjudicated on the merits in State court proceedings", habeas relief will not be granted unless the state court's "adjudication of the claim--" (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1) and (2). Such "determination of the facts" by the state court "shall be presumed to be correct"; the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence". 28 U.S.C. § 2254(e)(1). Petitioner has failed to do so and his claims must fail.

## III. THE PETITIONER WAS NOT DENIED DUE PROCESS

In six grounds, Petitioner alleges that he was denied due process in his trial. Federal courts review habeas petitions for a "constitutional infraction of the defendant's due process rights which would render the trial as a whole fundamentally unfair." *Lavernia v. Lynaugh*, 845 F.2d 493, 496 (5th Cir. 1988). "The test applied to determine whether a trial error makes a trial fundamentally unfair is

whether there is reasonable probability that the verdict might have been different had the trial been properly conducted." *Foy v. Donnelly*, 959 F.2d 1307, 1317 (5th Cir. 1992).  The standard of review in the context of habeas corpus proceedings is very narrow, and not a broad exercise of supervisory power.  *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (citations omitted).

The Fifth Circuit has also emphasized that the role of the federal court is more limited than that of the state court.  "An evidentiary error in a state trial does not justify federal habeas corpus relief unless it is of such magnitude as to constitute a denial of fundamental fairness under the due process clause. . . . Thus, even the erroneous admission of prejudicial testimony does not justify habeas corpus relief unless it is 'material in the sense of a crucial, critical, highly significant factor.'"  *Skillern v. Estelle*, 720 F.2d 839, 852 (5th Cir. 1983), *cert. denied*, 469 U.S. 873 (1984).

### 1. The Judge Did Not Abuse His Discretion When Cumulating Petitioner's Sentences With His Prior Convictions.

Petitioner alleges that the trial court abused its discretion when it ordered that the sentence for failure to appear would not begin until the sentences on two prior convictions ceased to operate.  His argument appears to be that the age of the prior convictions and the fact that they did not arise out of the same transaction precludes the cumulating of sentences on newer cases.  However, the statute he cites deals with multiple sentences for the same transaction.  The section dealing generally with the issue of cumulation gives the trial judge discretion to run new sentences concurrently or consecutively.  TEX. CODE CRIM. PRO. ANN. art. 42.08(a) (Vernon 1999).

Petitioner has not shown any other reasoning for the claim of abuse of discretion.  His claim fails.

### 2. Trial Court Did Not Abuse Its Discretion by Not Allowing Additional Time for Witnesses to Appear

During trial, trial counsel stated that Anthony Randel and/or Vicki Jenkins would appear. Mr. Randel was Petitioner's bondsman and Ms. Jenkins was Mr. Randel's secretary.  Petitioner alleges that on the morning he did not appear, he called their office and told them he was running late

-15-

because of car trouble and couldn't get in touch with his attorney. He further alleged that he was told by Ms. Jenkins that Mr. Randel "would get back with him and advise him what to do" about his inability to appear. The witnesses were alleged to be on the way on the morning of Petitioner's trial for bail jumping and failure to appear. The court recessed to allow time for them to arrive and then continued. Counsel did not have them under subpoena.

The trial court has a right and obligation to control its docket. Nearly an hour was allowed for the witnesses to appear. The trial court did not abuse its discretion when it refused Petitioner's continuance motion and continued the trial without Petitioner's witnesses.

To determine whether a denial of a continuance violated an accused's due process rights, the habeas petitioner must prove that the trial court's action constituted an abuse of discretion "so arbitrary and fundamentally unfair that it violates constitutional principles of due process." *Schrader v. Whitley*, 904 F.2d 282, 288 (5th Cir. 1990), *cert. denied*, 498 U.S. 903, 111 S.Ct. 265 (1990)(*quoting Hicks v. Wainwright*, 633 F.2d 1146, 1148 (5th Cir. Unit B 1981)). The federal habeas court must examine the particular facts and circumstances of the case, especially the reasons presented to the trial court at the time the request was denied. *Id.* In order to establish an abuse of discretion, the petitioner must show that a reasonable probability exists that the granting of a continuance would have permitted him to adduce evidence that would have changed the verdict. *Id.*

Here, the Petitioner has not shown that the trial court abused its discretion by denying his requests for more time for the witnesses to appear. The Petitioner has failed to show prejudice resulting from the trial court's denial of the oral motion for continuance during the trial. Therefore, the Petitioner's claim for relief lacks merit and must fail.

**3.** *Petitioner's Claim that He Did Not Go Before a Magistrate is Conclusory and Without Merit*

Petitioner asserts that he was denied due process in that he was never taken before a magistrate before any confession was taken. No confession was admitted at trial. No evidence of

-16-

a confession was admitted at trial. Petitioner's conviction was not based on a confession. Petitioner provides no proof that he was not taken before a magistrate. Petitioner does not allege or prove prejudice caused by the denial of his right to appear before a magistrate. Petitioner's claim is conclusory and cannot support relief. His claim lacks merit and must fail.

### 4. *There was Evidence to Sustain the Jury's Finding of Guilt*

In his next ground for relief, the Petitioner argues that he was denied due process because there was no evidence to substantiate the jury's finding of guilt. There was evidence and testimony presented to support the fact that Petitioner failed to appear. The jury had the right to believe or disregard Petitioner's defensive claim of lack of intent to fail to appear. Thus some evidence existed for the jury to consider. In *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), the Supreme Court held that in a federal habeas corpus proceeding challenging the sufficiency of the evidence supporting a state conviction, a petitioner is entitled to relief where "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." In applying this standard, "all of the evidence is to be considered in the light most favorable to the prosecution." *Id.* at 320. The Court added that this "standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.* at 324 n. 16. *See Brown v. Collins*, 937 F.2d 175, 180 (5th Cir. 1991). "Under *Jackson*, [a federal court] may find the evidence sufficient to support a conviction even though the facts also support one or more reasonable hypotheses consistent with the defendant's claim of innocence." *Gibson v. Collins*, 947 F.2d 780, 783 (5th Cir. 1991), *cert. denied*, 113 S.Ct. 102 (1992).

> The Sixth Court of Appeals of Texas held in *Bell v. State*, 63 S.W.3d at 532:
>
> The evidence viewed in the light most favorable to the prosecution, shows any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson, 443 U.S. at 319. Bell signed the "Appearance and Announcement Form," and friends testified he knew he was supposed to be in court on September 20. Although the testimony showed that Bell attempted to be in court on September 20 but was prevented from doing so by car trouble, no evidence was presented that Bell attempted to contact or contacted the bail bondsman, his attorney

or the court. Bell never returned to Hopkins County voluntarily; a warrant had to be issued for his arrest. A rational trier of fact could have found that Bell intentionally or knowingly failed to appear. The evidence is legally sufficient to support the verdict.

The state court's factual findings are entitled to a presumption of correctness unless the Petitioner can rebut the presumption with clear and convincing evidence to the contrary. To prevail on his legal claims, the Petitioner must show that the state court's determination of his constitutional claims was "contrary to" or "involved an unreasonable application of" Supreme Court precedent. The standard is satisfied only if "reasonable jurists considering the question would be of one view that the state court ruling was incorrect." *Davis v. Johnson*, 158 F.3d 806, 812 (5th Cir. 1998) (internal quotation marks and citations omitted). Federal habeas relief is only merited where the state court decision is both incorrect and objectively unreasonable. *Williams v. Taylor*, 529 U.S. 362, 410-411, 120 S.Ct. 1495, 1522 (*citing Wright v. West,* 505 U.S. 277, 287, 112 S.Ct. 2482, 2487 (1992)).

In considering the evidence in the light most favorable to the prosecution, the Court finds that the evidence was sufficient to support the Petitioner's conviction. Further, the Petitioner is not entitled to relief because he has not shown, as required by 28 U.S.C. § 2254(d), that the State court findings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. The Petitioner has further failed to show that the State court findings resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. As such, the Petitioner's ground for relief must fail.

To the extent that Petitioner claims the evidence is factually insufficient to support his

conviction, the Petitioner's ground for relief does not state a claim that is cognizable on federal habeas review. "Factual insufficiency" is a creation of state law. Federal habeas review is only available for the vindication of rights existing under federal law, not rights existing solely under state law. *Manning v. Warden, Louisiana State Penitentiary*, 786 F.2d 710, 711 (5th Cir. 1986). It is not the function of a federal habeas court to review a state's interpretation of its own laws. *Weeks*, 55 F.3d at 1063. Therefore, this claim is not cognizable on federal habeas review and should be denied.

### 5. *The Trial Court's Denial of Petitioner's Motion for Mistrial Did Not Violate Due Process*

Petitioner alleges that he was denied due process by the trial court's denial of his motion for mistrial. At the beginning of trial, the trial court mentioned the underlying drug charge for which Petitioner had failed to appear. Petitioner's trial counsel objected and the trial court admonished the jury to disregard the court's statement. Trial counsel's subsequent motion for mistrial was denied by the trial court. There is a presumption that a curative instruction was efficacious. *Waldo v. State*, 746 S.W.2d 750, 754 (Tex.CrimApp.1980). Petitioner has provided no proof or support for his claim that the instruction given by the trial judge did not have its desired effect. No affidavits or other proof is provided from any juror. No support is provided by any participant in the trial or from the record. Petitioner's claim is conclusory, lacks merit and must fail.

### 6. *Trial Counsel's Failure to Object to Improper Amending of Indictment And/or to Request Defensive Instruction on Failure To Appear Did Not Violate Due Process*

Petitioner alleges that his counsel's ineffective assistance led to a violation of his due process rights. However, as it was previously determined, the failure to object to the amending of the indictment and/or to request a defensive instruction regarding his failure to appear did not constitute ineffective assistance of counsel. Petitioner has failed to show a reasonable probability that the verdict might have been different had trial counsel undertaken these efforts. Petitioner's claims lack

merit and must fail.

It is accordingly,

**ORDERED** that the Notice of Appeal and Motion for Certificate of Appealability (docket entry #27 and #28) are **DENIED**. It is further

**ORDERED** that the Petitioner's Motion to Appeal *In Forma Pauperis* is **DENIED**.

SIGNED this _____1st_____ day of __November__, 2005.

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE